No. 739

DuPONT v. DuPONT.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1879. Decided June 13, 1927.

First Publication of this Opinion.

870. OPTIONS—708. Leases—997. Real Estate—Where property is held under lease with option to purchase, and option provides that failure to pay rent when due under lease, shall cancel option and that acceptance of rent after due shall not renew option, acceptance of such rent, after due, will not entitle lessee to specific performance.

Appeal from Common Pleas.
Decree for Defendant.

M. O. Rettig and F. M. Sala, Toledo, for plaintiff in error.

Geer & Lane, Toledo, for defendant in error.

FULL TEXT.

WILLIAMS, J.

The parties to this case, which comes into this court on appeal, are husband and wife. The plaintiff seeks specific performance of an option to buy certain real estate. On or about March 15, 1926, the parties entered into a written lease of the premises for a period of one year, providing for the payment of monthly rental on the 7th of each month. Concurrently therewith a written agreement was executed by which the defendant gave the plaintiff, who was lessee under the lease, the option to purchase within a specified time stipulated in the agreement. This contract of option contained the following provision:

"In case said lessee fails to make payments of rent promptly when due, according to the terms of the within lease, this option shall become null and void and of no effect, and it is expressly declared and understood that the acceptance by lessor, her heirs or assigns, of any rents subsequent to the time when the payment thereof is due, shall in no way waive this provision or renew this option."

The plaintiff failed to pay the rent promptly when due and for that reason the defendant refused to carry out the contract of option. By its terms, a failure to pay rent promptly when due voided the option, and acceptance of rent subsequent to the day the same became due would not waive such provision or renew the option.

We are of the opinion that the option could only be exercised according to its terms and that the provision therein with reference to acceptance of payments after the due date not constituting a waiver, was valid.

The plaintiff not having complied with the terms of his contract of option, was not entitled to exercise the same at the specified time and is not entitled to specific performance of the contract.

(Richards and Lloyd, JJ., concur.)